**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MARIE TURANO, LEONARD TURANO, and
GEMMA SAMELE, individually and on behalf
of all persons similarly situated.

        **MEMORANDUM OF**
        **DECISION & ORDER**
        17-cv-3397 (ADS)(AKT)

        Plaintiffs,

-against-

HOWARD ZUCKER, as Commissioner of the
New York State Department of Health,

        Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**NEW YORK LEGAL ASSISTANCE GROUP**
*Attorneys for the Plaintiffs*
7 Hanover Square, 18th Floor
New York, NY 10004
    By: Beth Goldman, Esq.,
        Jane Greengold Stevens, Esq.,
        Elizabeth Jois, Esq.,
        Ben W. Taylor, Esq.,
        Stewart Dearing, Esq., Of Counsel

**OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**
*Attorney for the Defendant*
200 Old Country Road, Suite 460
Mineola, NY 11501
    By: Dorothy O. Nese, Esq., Assistant Attorney General

**SPATT, District Judge**.

## I. BACKGOUND

On June 6, 2017, Marie Turano, Leonard Turano, and Gemma Samele (together, the "Plaintiffs"), commenced this purported class action against Howard Zucker in his official capacity as the Commissioner of the New York State Department of Health ("Zucker" or, the "Defendant"). The Plaintiffs seek injunctive and declaratory relief on behalf of themselves and a

proposed class of Medicaid recipients who reside in Westchester, Nassau, and Suffolk counties for violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 1396 *et seq.*, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

The Plaintiffs' seek to file an amended complaint that looks to add two additional named Plaintiffs, Selman Roher, acting through her next Friend Melanie Roher, and Salvatore Guadagna; to update the facts to reflect additional events that allegedly occurred since the filing of the complaint; and add new allegations based on the newly named Plaintiffs that focus on Medicaid-funded long-term care services. No new causes of action are being added to the complaint.

On July 3, 2017, the Plaintiffs also filed a motion seeking to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rules" or "FED R. CIV. P."). That motion is not yet fully briefed.

Discovery is currently in its early stages as initial disclosures have been exchanged but discovery responses have not yet been completed, and no depositions have been held.

On August 31, 2017, the Plaintiffs filed the instant motion for leave to amend the complaint. The Defendant has indicated that he takes no position on the motion.

For the reasons explained below, the Plaintiffs' motion is granted.

## II. DISCUSSION

FED. R. CIV. P. 15(a), which governs a motion to amend a complaint, states, in relevant part, "A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave *when justice so requires*." FED. R. CIV. P. 15(a)(2) (emphasis added). Unless there is a showing of bad faith, undue delay, futility or undue

prejudice to the non-moving parties, the district court should grant leave to amend. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (internal citations omitted); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Hemphill v. Schott*, 141 F.3d 412, 420 (2d Cir. 1998). The decision on whether to grant a motion to amend rests within the sound discretion of the district court. *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603-04 (2d Cir. 2005); *Hemphill*, 141 F.3d at 420.

Furthermore, where, as here, the proposed amended complaint adds new parties, FED. R. CIV. P. 21 also governs. Rule 21 explains that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21; *see also City of Syracuse v. Onondaga Cty.*, 464 F.3d 297, 308 (2d Cir. 2006) ("Although Rule 21 contains no restrictions on when motions to add or drop parties must be made, the timing of the motion may influence the court's discretion in determining to grant it." (internal citations and quotations omitted)).

The Court has significant discretion to determine whether or not to add a party, regardless of the stage of the litigation. *Sullivan ex rel. Pointer, Cleaners & Caulkers Welfare Pension & Annuity Funds v. W. New York Residential, Inc.*, No. 01-cv-7847, 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003).

In this case, the Plaintiffs' amended complaint seeks to add two additional named plaintiffs; to incorporate additional information purported to be uncovered by the Plaintiffs since the filing of the original complaint; and to add new allegations based on the newly named Plaintiffs that focus on Medicaid-funded long-term care services. As previously mentioned, the Defendant wrote a letter to the Court, indicating that he elected to take no position regarding the instant motion.

The Plaintiffs have exhibited no evidence of bad faith or undue delay. This is the Plaintiffs' first request to amend the complaint. Also, the Defendant is not prejudiced by the proposed amendments as the Plaintiffs are not seeking to change the definition of the proposed class and discovery is in its infancy. Finally, "[n]or can it be said that the amendments the plaintiff[s] seek[] to make are futile." *Feliciano v. Circulation Promotion & Res., Inc.*, No. 98-civ.-8727, 1999 WL 1102798, at *1 (S.D.N.Y. Dec. 6, 1999); *accord Dougherty v. Town of N. Hempstead Bd. Of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

Therefore, since there has been no undue delay, bad faith, futility or prejudice to the Defendant, the Plaintiffs' unopposed motion to amend the complaint is granted. *See Browning v. Ceva Freight, LLC*, No. 10-cv-5594, 2011 WL 6329864, at *1-2 (E.D.N.Y. Dec. 14, 2011) (Spatt, J.); *Henriquez v. Kelco Landscaping, Inc.*, 299 F.R.D. 376, 379 (E.D.N.Y. 2014) (Spatt, J.).

The Plaintiffs' counsel is instructed to serve a copy of the amended complaint, ECF 16-3, on all parties within fifteen (15) days from the date of this order. The amended complaint must include an updated caption that reflects the additional Plaintiffs.

Furthermore, as the amended complaint adds new putative class representatives, the Clerk of the Court is directed to terminate the Plaintiffs' [8] Motion to Certify a Class.

It is **SO ORDERED**:

Dated: Central Islip, New York

November 4, 2017

                                                    __/s/ Arthur D. Spatt__
                                                    ARTHUR D. SPATT
                                                United States District Judge