FILED
CLERK
3:07 pm, Oct 29, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
SALVATORE GUADAGNA, individually and
on behalf of all persons similarly situated,

                Plaintiff,

       -against-

HOWARD ZUCKER, as Commissioner of the
New York State Department of Health,

               Defendant.
---------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:17-cv-03397 (ADS)(AKT)

**APPEARANCES:**

**New York Legal Assistance Group**
*Attorneys for the Plaintiff*
7 Hanover Square 18th Floor
New York, NY 10004
      By:    Benjamin Wait Taylor, Esq.,
               Elizabeth A. Jois, Esq.,
               Jane Greengold Stevens, Esq.,
               Julia Grossman Russell, Esq., Of Counsel.

**Office of the New York State Attorney General**
*Attorneys for the Defendant*
200 Old Country Road Suite 460
Mineola, NY 11501
      By:    Dorothy O. Nese, Esq., Deputy Assistant Attorney General.

**SPATT, District Judge**:

       On August 8, 2019, the Court certified a class action pursuant to Federal Rule of Civil Procedure ("Rule") 23(b)(2). Presently before the Court is a motion by the Plaintiff, submitted at the instruction of the Court, for the direction of notice to class members pursuant to Rule 23(c)(2)(A). The Court has reviewed the parties' submissions and concurs with class counsel that dissemination of the proposed notice would be appropriate under the circumstances.

1

The class consists of a vulnerable population who would benefit from being informed about the status of their claims and the knowledge that they are represented by qualified counsel who is available to provide them with free legal services. Courts traditionally permit dissemination of notice by mail to classes certified under Rule 23(b)(2). *See Women's Committee for Equal Employment Opportunity v. National Broadcasting Co., Inc.*, 71 F.R.D. 666, 671 (S.D.N.Y. 1976); *Marcera v. Chinlund*, 91 F.R.D. 579, 585 (W.D.N.Y. 1981); *Phelps v. Harris*, 86 F.R.D. 506, 513 (D. Conn. 1980). Moreover, "[c]ourts strongly favor individualized notice, even when it will require considerable effort and time to find the appropriate records." *Monaco v. Carpinello*, No. CV-98-3386 (CPS), 2006 WL 3422232, at *2 (E.D.N.Y. Nov. 27, 2006).

The Defendant's only objection to the proposed notice appears to be based on the potential reaction of class members to receiving notice of the certified class. In the Defendant's view, because the Court has not yet decided the merits of the class's claims, it "would be premature and sow confusion and consternation among the class members" to inform them of the pendency of the class action before the Court finds they are entitled to relief. ECF 136 at 2. More adequately stated, the Defendant believes it would be better to keep class members in the dark about the status of their claims.

The Court vehemently disagrees with the Defendant's position. The Defendant references none of the discretionary factors traditionally considered by courts when assessing whether to disseminate notice, such as an undue burden in collecting the necessary information. Nor does the Defendant cite authority supporting the conclusion that it would be actively desirable to *avoid* appraising class members of their legal rights. The absence of such citations is totally unsurprising, as it is hard to fathom a situation where notice would be appropriate if the Court adopted the Defendant's logic. More frankly, it contradicts the entire spirit of the class action mechanism to

suggest that individuals should not be aware of their membership in a class or representation by counsel based solely on the faulty assumption that they cannot comprehend the difference between a pending action and a final judgment. Considering the Defendant offers no substantive objection to the content of the proposed notice, the Court will not exercise its discretion against dissemination based solely on the Defendant's paternalism.

As for the Defendant's request for additional time to move to amend the class definition prior to sending the notices, the parties should be able to agree to an amended class definition without resorting to motion practice, considering both sides concur that the class should only encompass people who lost care when they transferred out of GuildNet before the implementation of the Transition Policy. Therefore, the Court will delay ordering dissemination of the notices to provide an opportunity to meet and confer. If the parties are unable to reach an agreement, the Defendant must file the contemplated motion no later than 14 days from the issuance of this opinion.

It is **SO ORDERED**:

Dated: Central Islip, New York
October 29, 2019

    /s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge